1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIK MANASERIAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>FERETI SEMAIA, Warden, et al.,<br><br>　　　　　Respondents. | Case No. 5:25-cv-03542-RGK-MAA<br><br>**ORDER REQUIRING RESPONSE TO PETITION** |

　　　On December 24, 2025, Petitioner, represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that she was arrested and is being held in violation of the Constitution and laws of the United States. (*See generally* Pet.)

　　　In order to facilitate the just, speedy, and inexpensive determination of this action, **IT IS ORDERED** that:

1. The Clerk of this Court promptly shall (a) serve electronic copies of the Petition and this Order on Respondents and the United States Attorney, or his authorized agent, in accordance with the Agreement on Acceptance of Service between the

|   |   |
|---|---|
| 1 | Clerk of Court and the United States Attorney's Office set forth in Appendix C |
| 2 | to the Central District of California Local Civil Rules; and (b) serve a copy of |
| 3 | this Order on Petitioner's counsel of record. |

2. **To preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the court.**

3. Within **three (3) days** after the date of this Order, **Respondent** shall file and serve a Notice of Appearance, notifying the Court of the name of the attorney who will have principal charge of the case, together with the address where the attorney may be served and the attorney's telephone and fax number. This information is important to ensure accurate service of Court documents.

4. If Petitioner intends to seek a Temporary Restraining Order ("TRO"), the TRO application shall be filed, in the form required by C.D. Cal. L.R. 65-1, within **three (3) days** after the date of this Order.

5. If no TRO application is filed within three (3) days after the date of this Order, **Respondent** shall, within **ten (10) days** after the date of this order, file a response to the Petition and electronically lodge with the Court all relevant documents. The response may be in the form of a Motion to Dismiss or an Answer, but in either case shall address the question of whether Petitioner is a danger to the community or a flight risk, and whether this case involves "a high probability of success on the merits of [the] habeas petition or special circumstances that would warrant [Petitioner's] release on bail" pending resolution of these habeas proceedings. *United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016). If a TRO application is filed within three (3) days after the date of this Order, further orders will issue.

6. **If Respondent files a Motion to Dismiss**, Petitioner shall file an Opposition to the Motion to Dismiss within **seven (7) days** after the date of service thereof.

At the time the Opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent that Petitioner believes may be relevant to the Court's determination of the Motion to Dismiss. Petitioner shall concurrently address the question of whether Petitioner is a danger to the community or a flight risk, and whether this case involves "a high probability of success on the merits of [the] habeas petition or special circumstances that would warrant [Petitioner's] release on bail" pending resolution of these habeas proceedings. *Id.* at 822. Unless otherwise ordered by the Court, Respondent shall not file a Reply to Petitioner's Opposition to the Motion to Dismiss. If the Motion to Dismiss is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

7. **If Respondent files an Answer**, Petitioner may file a Reply responding to matters raised in the Answer within **seven (7) days** after the date of service thereof. Any Reply filed by Petitioner shall (a) state whether Petitioner admits or denies each allegation of fact contained in the Answer, (b) be limited to facts or arguments responsive to matters raised in the Answer, and (c) not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the Reply will not be considered. The Reply shall not exceed ten (10) pages in length absent advance leave of Court for good cause shown. Petitioner shall concurrently address the question of whether Petitioner is a danger to the community or a flight risk, and whether this case involves "a high probability of success on the merits of [the] habeas petition or special circumstances that would warrant [Petitioner's] release on bail" pending resolution of these habeas proceedings. *Id.* at 822.

8. A request by a party for an extension of time within which to file any required document will be granted only upon a showing of good cause and should be made in advance of the due date of the document. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an

extension of time is necessary and by a proposed order granting the requested extension.

9. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's Opposition to a Motion to Dismiss and/or Petitioner's Reply to the Answer is due.

10. Any requests for Court action must be submitted by motion or application in compliance with the Central District of California Local Civil Rules.

11. Unless otherwise ordered by the Court, the parties shall not provide mandatory chambers copies of any electronically filed lodged documents.

DATED: January 5, 2026

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE